## HALL *v.* DISTRICT OF COLUMBIA.

MUNICIPAL CORPORATIONS; POLICE REGULATIONS; STATUTES; STREET CARS.

1. Section 10, article 10, police regulations, District of Columbia, providing that no person shall propel a "horseless vehicle" so as to collide with persons or other vehicles, and that the operator of such vehicles shall make way for pedestrians at street crossings, does not apply to street cars, as other sections of the same act distinguish street cars from all other vehicles, and deal with them as a separate class, and one of them expressly provides that street cars shall have the right of way except as to hospital ambulances and certain other vehicles named.

2. *Quære,*—Where sec. 10, art. 10, police regulations, District of Columbia, is in conflict with the statute incorporating the Capital Traction Company of the District of Columbia, or has been repealed by the act of Congress of May 23, 1908, conferring certain jurisdiction over street railroads in the District of Columbia upon the Interstate Commerce Commission.

No. 1968.   Submitted February 11, 1909.   Decided March 9, 1909.

IN ERROR to the Police Court of the District of Columbia. *Judgment reversed.*

The facts are stated in the opinion.

*Mr. R. Ross Perry, Mr. R. Ross Perry, Jr.,* and *Mr. G. Thomas Dunlop* for the plaintiff in error.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. Henry P. Blair,* Assistant, for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This case comes before us on a writ of error to the police court.

An information charged Harry T. Hall with propelling a street car so as to collide with another vehicle. He moved to quash the information, and excepted to the denial of his motion.

The evidence tended to show that he was propelling a car of the Capital Traction Company near Thomas Circle on Fourteenth street, which was also pushing a disabled car in front of it; and that he negligently ran said front car into a hearse, which, at the head of a funeral procession, was crossing the track. There was some conflict in the testimony as to the fact of negligence. The court found that the collision occurred through negligence of the defendant, adjudged him guilty, and fined him $40.

Section 10 of article 10 of the police regulations, under which the conviction was had, reads as follows:

"No person shall ride a bicycle, horse, or horse-drawn vehicle, or propel a horseless vehicle so as to collide with any other person, bicycle, horse, horse-drawn or horseless vehicle, and the rider, driver, or operator of such bicycle, horse, or vehicle shall make way for pedestrians at street crossings."

The question for determination in this case is not whether a street car, propelled by electric power, may not, under some

conditions, be comprehended in the term "horseless vehicle," but whether it was intended to be so comprehended in the term as used in sec. 10. That section, as originally promulgated, read as follows: "No horse or vehicle shall be ridden or driven so as to collide with any other horse or vehicle, or with any person, and the driver or rider of such horse or vehicle shall make way for pedestrians at street crossings." * * * Some time after automobiles went into general use in the streets, the section was amended to read as before recited.

Article 10 contains thirty-four sections. Sections preceding 10, and others, evidently relate to private and public vehicles other than steam and street railway cars. Later sections name street cars specifically, and regulate their equipment, speed, stoppage at crossings, right of way, etc. These sections clearly show that street cars were distinguished from all other vehicles, public or private, and dealt with as a separate class. It would be a waste of time to enumerate these various provisions, but we call attention to the fact that sec. 10 requires that the vehicles therein named shall "make way for pedestrians at street crossings." On the other hand, another section which permits a greater rate of speed to street cars than to other vehicles, and requires them to strike a gong at street crossings, expressly provides that they shall have the right of way except as to vehicles of the fire, water, and health departments, and hospital ambulances.

The interpretation given to sec. 10, prevents a conflict that would otherwise exist between the two sections. The motion to quash should have been sustained.

This conclusion renders it unnecessary to consider the interesting and important questions whether the regulation is in conflict with the acts incorporating the Capital Traction Company, or has been repealed or superseded by the act of Congress approved May 23, 1908, conferring certain jurisdiction over the street railways of the District upon the Interstate Commerce Commission.

The judgment will be reversed with costs and the cause remanded with direction to dismiss the information.

*Reversed.*